## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| MAXIMILLIAN JEFFERIES; | |
| Plaintiff, | CIVIL ACTION |
| vs. | FILE NO. 1:22-cv-00007-CAP |
| OTTERY TRANSPORTATION, INC.;<br>MICHAEL OLCOTT; and<br>TRAVELERS INDEMNITY COMPANY<br>OF CONNECTICUT; | |
| Defendants. | **JURY TRIAL DEMANDED** |

## AMENDED COMPLAINT FOR DAMAGES

COMES NOW PLAINTIFF MAXIMILLIAN JEFFERIES ("Plaintiff"), by and through his counsel of record and files this his First Amended Complaint for Damages as follows:

1.

This is an action for personal injury damages arising out of a motor vehicle collision that occurred on or about September 16, 2020, in Cobb County, Georgia.

### PARTIES, JURISDICTION, AND VENUE

2.

Plaintiff is a resident of Fulton County, Georgia.

1

3.

Plaintiff sustained personal injuries as a result of a motor vehicle collision that occurred at approximately 5:20 p.m. on September 16, 2020, on Interstate 75 South in Cobb County, Georgia.

4.

Defendant Michael Olcott ("Olcott") resides at 2094 Narrow Lake Road, Charlotte, Eaton County, Michigan 48813 and may be served with a copy of the summons and complaint at this address. Olcott has been served and has answered and appeared herein.

5.

Olcott is subject to the jurisdiction of this Court pursuant to O.C.G.A. § 40-12-1, known as Georgia's Non-resident Motorist Act. Olcott is also subject to the jurisdiction of this Court pursuant to O.C.G.A. § 9-10-91, as Olcott committed a tortious act and/or omission within the State of Georgia.

6.

Once served with process, Olcott is subject to the jurisdiction and venue of this Court.

7.

Olcott was sufficiently served with process in this civil action.

8.

Olcott is subject to the jurisdiction of this Court.

9.

Defendant Ottery Transportation, Inc. ("Ottery Transportation") is a foreign corporation with its principal place of business in a state other than Georgia and is a federal motor carrier authorized to transport goods for hire in interstate commerce by the Federal Motor Carrier Safety Administration. Ottery Transportation has a U.S. Department of Transportation Number 1362696.

10.

Ottery Transportation is subject to the jurisdiction of this Court, pursuant to O.C.G.A. § 40-1-117(b), because this action may be brought in the county where the cause of action or some part thereof arose.

11.

Ottery Transportation is a "non-resident" pursuant to O.C.G.A. § 9-10-91 and a "motor carrier" pursuant to the Federal Motor Carrier Safety Regulations. Ottery Transportation may be served with process pursuant to O.C.G.A. § 9-11-4(e)(7) by delivering a copy of the Summons and Complaint to its process agent designated to accept service of process in the State of Georgia under the Federal Motor Carrier Safety Regulations: Linda C. Madden at 1720 Cromer Road, Elberton, Elbert County, Georgia 30635. Ottery Transportation has been served

and has answered and appeared herein.

### 12.

Ottery Transportation may also be served pursuant to O.C.G.A §§ 14-2-1510 and/or 40-1-117(b).

### 13.

Once served with process, Ottery Transportation is subject to the jurisdiction of this Court.

### 14.

Ottery Transportation was properly served with process in this civil action.

### 15.

Ottery Transportation was sufficiently served with process in this civil action.

### 16.

Ottery Transportation is subject to the jurisdiction of this Court.

### 17.

Venue in the above-styled civil action is proper as to Ottery Transportation in this County and Court.

### 18.

At all times material hereto, Defendant Ottery Transportation was not permitted to operate a commercial motor vehicle over the public roadways unless it,

as a motor carrier, had obtained and had in effect the minimum levels of financial responsibility as set forth in 49 CFR § 387.9 as adopted by the State of Georgia.

19.

At all times material hereto, Ottery Transportation was required by 49 CFR § 387.9 to have in effect and did have in effect a policy of motor vehicle liability insurance.

20.

At all times material hereto, Ottery Transportation was required by 49 CFR § 387.9 to have in effect and did have in effect a policy of motor vehicle liability insurance with liability limits of at least $750,000.00.

21.

At all times material hereto, Ottery Transportation had in effect a policy of motor vehicle insurance with liability limits of $1,000,000.00 that was issued by Defendant Travelers Indemnity Company of Connecticut ("Travelers").

22.

At the time of the collision described in this Complaint, Ottery Transportation had automobile liability coverage for compensatory damages that were caused through the negligent operation of the tractor-trailer that Olcott was operating at the time of the Subject Collision.

23.

The liability coverage for the collision described in this Complaint is being provided to Ottery Transportation through a primary policy of insurance issued Travelers, which provides coverage to Defendants for compensatory damages, including bodily injury, that were caused through the negligent operation of the tractor-trailer that Olcott was operating at the time of the Subject Collision.

24.

The liability coverage for the collision described in this Complaint is being provided to Ottery Transportation through a primary policy of insurance issued by Travelers and further identified as Policy Number HE8409C586058TCT14 provides coverage to Defendants for compensatory damages, including bodily injury, that were caused through the negligent operation of the tractor-trailer that Olcott was operating at the time of the Subject Collision.

25.

Travelers is a foreign corporation with its principal place of business in a state other than Georgia and is authorized to transact business in the state of Georgia.

26.

Travelers is subject to the jurisdiction of this Court and Plaintiff's claims for compensation for the negligence of its Co-defendant insureds, pursuant to O.C.G.A. §§ 40-1-112 and/or 40–2–140 and Georgia law, because Travelers was the insurer

providing primary liability coverage for the Defendant motor carrier Ottery

Transportation, Inc. at the time of the collision described in this Complaint.

27.

Travelers may be served with a copy of the Summons and Complaint

through its registered agent for service of process: Corporation Service Company

at 2 Sun Court, Suite 400, Peachtree Corners, Gwinnett County, Georgia 30092.

Travelers has been served and has answered and appeared herein.

28.

Travelers does business and maintains agents in Cobb County, Georgia.

29.

Travelers does business in Cobb County through its multiple agents.

30.

Travelers may also be served pursuant to O.C.G.A §§ 14-2-1510 and/or 33-4-

3.

31.

Once served with process, Travelers is subject to the jurisdiction of this Court.

32.

Travelers was properly served with process in this civil action.

33.

Travelers was sufficiently served with process in this civil action.

34.

Venue in the above-styled civil action is proper as to Travelers in this County and Court.

35.

Venue in the above-styled civil action is proper in this County and Court.

**FACTS**

36.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

37.

On September 16, 2020, at approximately 5:20 p.m., Plaintiff was traveling southbound on Interstate 75, in the fourth lane from the concrete median, in Cobb County, Georgia.

38.

On September 16, 2020, at approximately 5:20 p.m., Olcott was operating the Ottery Transportation tractor-trailer and was traveling southbound on Interstate 75, in the fourth lane from the concrete median, directly behind Plaintiff's vehicle.

39.

On September 16, 2020, at approximately 5:20 p.m., Plaintiff began to slow with the flow of traffic.

40.

Suddenly and without warning to Plaintiff, Olcott rear-ended Plaintiff's vehicle.

41.

As a result of the incident, Plaintiff was injured and continues to suffer injuries and damages from this incident.

42.

At all times related to the Subject Collision, Plaintiff was acting in a reasonable and prudent manner.

43.

Olcott was an employee and/or agent of Ottery Transportation.

44.

Defendants do not blame Plaintiff for causing or contributing to the cause of the Subject Collision.

45.

Defendants are 100% at fault for causing the Subject Collision.

46.

No act or failure to act on the part of Plaintiff caused or contributed to the cause of the Subject Collision.

47.

No act or failure to act on the part of any third party caused or contributed to the cause of the Subject Collision.

48.

No act or failure to act on the part of Plaintiff caused or contributed to the cause of Plaintiff's injuries and/or damages.

49.

No act or failure to act on the part of any third party caused or contributed to the cause of Plaintiff's injuries and/or damages.

50.

Plaintiff was an innocent victim of the collision described in this Complaint.

51.

Defendants agree that they should fairly compensate Plaintiff for all injuries and damages that were caused by the Subject Collision.

52.

As a result of the collision, Plaintiff has suffered serious and permanent injuries and damages.

53.

Driving a large tractor-trailer while using a cell phone is a pattern of dangerous driving.

54.

Olcott routinely engaged in the pattern of dangerous driving of using a cell phone while driving a large tractor-trailer both prior to and subsequent to Subject Collision on September 16, 2020.

55.

Olcott engaged in the pattern of dangerous driving of using a cell phone while driving a large tractor trailer on December 8, 2015.

56.

Olcott engaged in the pattern of dangerous driving of using a cell phone while driving a large tractor trailer on December 10, 2016.

57.

Olcott engaged in the pattern of dangerous driving of using a cell phone while driving a large tractor trailer on October 28, 2018.

58.

Olcott engaged in the pattern of dangerous driving of using a cell phone while driving a large tractor trailer on April 30, 2021.

59.

Plaintiff has a picture of Olcott engaging in the pattern of dangerous driving using a cell phone while driving a large tractor trailer on December 8, 2015.

60.

Olcott took a picture of the road ahead of him, while driving a large tractor trailer, on December 8, 2015.

61.

Plaintiff has a picture of Olcott engaging in the pattern of dangerous driving using a cell phone while driving a large tractor trailer on December 10, 2016.

62.

Olcott took a picture of himself while driving down the road, driving a large tractor trailer, on December 10, 2016.

63.

Plaintiff has a picture of Olcott engaging in the pattern of dangerous driving using a cell phone while driving a large tractor trailer on October 28,2018.

64.

Olcott took a picture of his speedometer, while driving down the road in his large tractor trailer on October 28, 2018.

65.

Plaintiff has a picture of Olcott engaging in the pattern of dangerous driving using a cell phone while driving a large tractor trailer on April 20, 2021.

66.

Olcott took a picture of the road ahead of him, while driving his large tractor

trailer down the road on April 20, 2021.

67.

Plaintiff has multiple videos of Olcott engaging in the pattern of dangerous driving of using a cell phone while driving a large-tractor trailer on numerous occasions.

68.

Olcott took multiple videos of the road ahead of him, while driving down the road driving a large tractor trailer, on several different occasions.

69.

Olcott engaged in the pattern of dangerous driving of using a using a cell phone while driving a large-tractor trailer on September 16, 2020, the date of the incident in question.

70.

Olcott's decision to engage in the pattern of dangerous driving while using a cell phone and driving a large-tractor trailer is a proximate cause of the Subject Collision.

71.

Olcott's decision to engage in the pattern of dangerous driving of using a cell phone and driving a large-tractor trailer resulted in injuries and damages to Plaintiff.

72.

Olcott's decision to engage in the pattern of dangerous driving of using a cell phone illustrates willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences.

73.

Ottery had knowledge of Olcott's decision to engage in the pattern of dangerous driving of using a using cell phone while driving a large tractor-trailer.

74.

Ottery did nothing to prevent Olcott from engaging in the pattern of dangerous driving of using a using cell phone while driving a large tractor-trailer.

75.

Defendants' actions subject them to punitive damages.

## COUNT I: NEGLIGENCE OF DEFENDANT MICHAEL OLCOTT

76.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

77.

At all relevant times, Olcott owed the following civil duties to Plaintiff but violated those duties in the following ways:

a.      Following too closely behind Plaintiff's vehicle;

b.      Failing to keep an assured safe distance from Plaintiff's vehicle;

c.      Failing to drive at a reasonable and prudent speed under the conditions;

d.      Failing to make reasonable and proper observations while driving;

e.      Failing to safely operate his tractor-trailer;

f.      Failing to obey traffic laws;

g.      Failing to make reasonable and proper observations while driving;

h.      Otherwise failing to act reasonably and prudently as a driver should

under the circumstances.

78.

Olcott was also negligent *per se* in that he violated a number of laws and

regulations governing his operation of his truck and trailer, including:

a.      Following too Closely (O.C.G.A. § 40-6-49);

b.      Failure to Drive Vehicle at a Reasonable and Prudent Speed Under the

Conditions (O.C.G.A. § 40-6-180);

c.      Failing to Drive with Due Care (O.C.G.A. § 40-6-241);

d.      Failing to Obey Traffic Laws (O.C.G.A. § 40-6-1); and

e.      Reckless Driving (O.C.G.A. § 40-6-390).

79.

As a result of Olcott's negligence, Plaintiff has suffered severe and

15

permanent damages.

80.

As a direct and proximate result of the negligence and negligence *per se* of Olcott, Plaintiff is entitled to recover special damages, including but not limited to:

    a.     Medical expenses in the past and in the future, in an amount that will be proved at trial; and

    b.     Lost wages in the past and loss of earning capacity in the future, in an amount that will be proved at trial.

81.

Plaintiff is also entitled to recover for his general damages, including but not limited to:

    a.     Shock of impact;

    b.     Disability;

    c.     Loss of enjoyment of life;

    d.     Disfigurement in the past and future;

    e.     Physical impairment in the past and future;

    f.     Physician pain and suffering in the past and future; and

    g.     Mental anguish in the past and future.

## COUNT II: NEGLIGENCE OF DEFENDANT OTTERY TRANSPORTATION, INC.

82.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

83.

At all times material hereto, Ottery Transportation's driver, Defendant Michael Olcott, was an employee of Ottery Transportation.

84.

At all times material hereto, Ottery Transportation's driver, Defendant Michael Olcott, was acting within the scope and course of his employment with Ottery Transportation.

85.

At all times material hereto, Ottery Transportation's driver, Defendant Michael Olcott, was an agent of Ottery Transportation.

86.

At all times material hereto, Ottery Transportation's driver, Defendant Michael Olcott, was acting within the scope and course of his agency with Ottery Transportation.

87.

At all times material hereto, Ottery Transportation's driver, Defendant

Michael Olcott, was authorized by Ottery Transportation to operate the tractor-trailer that was involved in the collision described in this Complaint.

88.

Ottery Transportation is liable for the negligent actions and omissions of Olcott pursuant to the doctrine of *respondeat superior*.

89.

Ottery Transportation is the owner(s) of the tractor-trailer operated by Olcott and is therefore liable for damages caused in this case.

90.

Ottery Transportation was also themselves negligent in the following ways:

a.     Negligently hiring or contracting with Defendant Michael Olcott to drive the tractor-trailer at issue;

b.     Negligently training Defendant Michael Olcott;

c.     Negligently entrusting Defendant Michael Olcott to drive the tractor-trailer professionally;

d.     Negligently retaining Defendant Michael Olcott to drive the tractor-trailer at issue;

e.     Negligently qualifying Defendant Michael Olcott;

f.     Failing to supervise Defendant Michael Olcott; and

g.      Otherwise failing to act as a reasonably prudent company under the circumstances.

91.

As a direct and proximate result of the negligence of Olcott in the ensuing collision, Plaintiff sustained severe and permanent injuries and damages.

92.

Ottery Transportation is liable for all damages allowed by law for the damages and losses sustained by Plaintiff.

## COUNT III: DIRECT ACTION AGAINST TRAVELERS INDEMNITY COMPANY OF CONNECTICUT

93.

Plaintiff re-alleges and incorporate the preceding paragraphs as if fully set forth herein.

94.

Travelers provided liability insurance for the driver and/or truck that was involved in the subject motor vehicle collision.

95.

Travelers agreed to provide insurance coverage to Ottery Transportation in consideration for the payment of insurance premiums.

96.

Travelers was transacting business in the State of Georgia and in Cobb

County, Georgia on the date of the subject incident, and at all material times

hereto, and is subject to the venue of this Court pursuant to O.C.G.A. § 33-4-1.

97.

Plaintiff, as a member of the public injured due to a common carrier's

negligence, is a third-party beneficiary to that agreement.

98.

Pursuant to O.C.G.A. §§ 40-1-112 and/or 40–2–140, Travelers is subject to

this Direct Action.

## COUNT IV: COMBINED AND CONCURRING LIABILITY FOR COMPENSATORY DAMAGES

99.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set

forth herein.

100.

Defendants Ottery Transportation, Inc. and/or their driver, acted in a manner

which either alone, and/or combined and concurring with the actions of the other

such Defendants' acts of negligence described herein, directly and proximately

caused the collision and Plaintiff's injuries and damages.

101.

As a direct and proximate result of the negligence of Defendants Ottery

Transportation, Inc. and their driver, Plaintiff was physically injured, has suffered,

and will continue to suffer pain, disability, loss of earning capacity, property damage, loss of enjoyment of life, anxiety, and related damages.

102.

As a direct and proximate result of the breaches of duty by Defendants, Plaintiff is entitled to recover fair and full compensation for all injuries and damages that have been suffered as a proximate result of the collision and that will be suffered in the future as a result of the collision, including, without limitation, all special damages and compensatory damages, medical expenses, property damage and loss of use, lost wages and loss of earning capacity, and other necessary expenses, as well as fair and full compensation for all pain and suffering, including physical pain, mental and emotional suffering, shock of impact, disability, worry, anxiety, loss of enjoyment of life, loss of capacity to work, and other categories of damages provided for under the law.

103.

Plaintiff is a third-party beneficiary under said contract or policy of liability insurance.

104.

Plaintiff is entitled to receive payments from Travelers for the tort liability of Defendants Ottery Transportation, Inc. and their driver, Defendant Michael Olcott, in this civil action.

## COUNT V: PUNITIVE DAMAGES

### 105.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

### 106.

Ottery Transportation and their driver's acts were knowing, willful, wanton, and/or demonstrated an entire want of care, which raises the presumption of a conscious indifference to consequences.

### 107.

The actions of Ottery Transportation and their driver, as set forth herein, were done intentionally, knowingly, and willfully with a reckless and wanton disregard to the consequences and damages that would be caused to others and/or which would raise the presumption of conscious indifference to consequences of their misconduct.

### 108.

Accordingly, Ottery Transportation and their driver, are liable to the Plaintiff for punitive damages to punish, penalize, and deter others from similar conduct in the future.

**WHEREFORE**, Plaintiff prays that the following relief be granted:

a.      A trial by jury;

b.      For Summons and Complaint to issue against each Defendant;

c.      For judgment against each Defendant to compensate Plaintiff for past

and future injuries and damages;

d.      For judgment against each Defendant for attorneys' fees and expenses

of litigation;

e.      For judgment against Defendant motor carrier and its driver for

punitive damages as shown to be fair and appropriate at the trial of

this case;

f.      Court costs, discretionary costs, and prejudgment interest; and

g.      For all such further and general relief which this Court deems just and

proper.

Dated this 13th day of January, 2022.

*/s/ J. Ashley Pitts*
Ashley Pitts
Georgia State Bar Number 481759
Adewale Odetunde
Georgia State Bar Number 374418
Attorneys for Plaintiff
WLG Atlanta, LLC
Bank of America Plaza
600 Peachtree Street NE, Suite 4010
Atlanta, GA 30308
Telephone: (404) 905-6020
Facsimile: (470) 880-5095
E-Mail: ashley.pitts@witheritelaw.com

## <u>CERTIFICATE OF COMPLIANCE WITH N.D.GA. LOCAL RULE 5.1B</u>

This is to certify that this pleading was created in Times New Roman 14

point font in accordance with Northern District of Georgia Local Rule 5.1B.

This 13th day of January, 2022.

*/s/ J. Ashley Pitts*
Ashley Pitts
Georgia State Bar Number 481759
Adewale Odetunde
Georgia State Bar Number 374418
Attorneys for Plaintiff
WLG Atlanta, LLC
Bank of America Plaza
600 Peachtree Street NE, Suite 4010
Atlanta, GA 30308
Telephone: (404) 905-6020
Facsimile: (470) 880-5095
E-Mail: ashley.pitts@witheritelaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 13, 2022, I electronically filed **Plaintiff's**

**First Amended Complaint for Damages Pursuant to FRCP 15(a)(2)** with the

Clerk of Court using the CM/ECF system, which will automatically send email

notification of such filing to the following attorneys of record:

Scott H. Moulton, Esq.
Sandro Stojanovic, Esq.
Hall Booth Smith, PC
Counsel for Defendants
191 Peachtree Street, NE, Suite 2900
Atlanta, GA 30303-1775
smoulton@hallboothsmith.com
sstojanovic@hallboothsmith.com

I hereby certify that I have mailed by United States Postal Service the

document to the following non-CM/ECF participants: None.

*/s/ J. Ashley Pitts*
Ashley Pitts
Georgia State Bar Number 481759
Adewale Odetunde
Georgia State Bar Number 374418
Attorneys for Plaintiff
WLG Atlanta, LLC
Bank of America Plaza
600 Peachtree Street NE, Suite 4010
Atlanta, GA 30308
Telephone: (404) 905-6020
Facsimile: (470) 880-5095
E-Mail: ashley.pitts@witheritelaw.com
